[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff wife was married to the defendant husband on September 24, 1977 in Chicago, Illinois. Her birth name was Crystal Nami Ahn.
Both of the parties have resided continuously in the State of Connecticut for at least one year.
Two children were born to the wife during the marriage. They are issue of the marriage and are minors, to wit: Andrew Chang Chi, born January 14, 1979; and Michelle Lisa Chi, born June 8, 1980.
At the time of the dissolution hearing, the wife was forty (40) years of age and the husband forty-five (45).
Both of the parties have pursued post-college degrees. The husband holds a Master in Business Administration as well as a doctorate degree.
The wife holds a Master in Business Administration and is currently enrolled in a program to receive a Master of Science degree.
Both of the parties bear equal fault for the breakdown of the marriage. Numerous charges and countercharges were made by both CT Page 3801 so that the court cannot honestly attribute greater fault to one or the other.
The wife is in good physical condition. The husband, on the other hand, suffers from a somewhat disabling chronic hepatitis. This apparently has plagued him throughout the marriage. The court must, however, note that there was no medical testimony offered during the proceedings.
There was evidence that the husband had been granted a total of four months of sick leave.
There was also much testimony offered on the husband's reliance on self-medical treatment by taking herbs and dextrose injections. He attributed his medical expenses for this treatment to be almost thirty thousand ($30,000) dollars a year.
The husband's main source of income during the marriage resulted from his employment at Energy Research Corporation. Just prior to the dissolution hearing, he was earning over one hundred thousand ($100,000) dollars a year gross. (See financial affidavit dated August 22, 1994, court file document No. 134.) He filed a financial affidavit on October 12, 1994 showing no income.
The wife has filed a financial affidavit with the court indicating that by working only three days a week as a registered nurse, she had a gross yearly earning of thirty thousand five hundred ($30,500) dollars. Her hourly rate of compensation was twenty-two dollars and forty-seven ($22.47) cents. Approximately a year prior to this she was earning in excess of fifty thousand ($50,000) dollars a year.
The court concludes that both of the parties have voluntarily placed themselves in a position of non-employment (husband) and reduced employment (wife).
Having considered all of the evidence and the mandates of Connecticut General Statutes, Secs. 46b-81, 46b-82 and 46b-84, the court orders as follows:
1. The marriage has broken down irretrievably, there is no prospect of any reconciliation, and a decree of dissolution is entered. CT Page 3802
2. The parties shall have joint custody of the minor children, and the primary residence shall be with the mother. The husband shall have reasonable, liberal and flexible rights of visitation.
3. The husband shall pay, as support for the benefit of the minor children, the sum of two hundred sixty ($260) dollars per week, which sum is substantially in accordance with the guidelines. A wage execution is hereby ordered.
4. The husband shall pay to the wife the sum of one hundred seventy-five ($175) dollars per week as periodic alimony until the happening of the first of the following events:
(a) death of either party;
(b) cohabitation of the wife;
(c) five years from the date herein.
Alimony shall be non-modifiable as to term.
5. The husband shall maintain his current life insurance policy, provided he is employed, naming the children as irrevocable beneficiaries to the extent of one hundred thousand ($100,000) dollars for so long as he is obligated to pay child support, and the wife to the extent of seventy-five thousand ($75,000) dollars for so long as he is obligated to pay periodic alimony.
6. The marital home at 6 Saw Mill Road, Newtown, Connecticut, should be immediately sold and the net proceeds divided equally. Until the property is sold, the wife shall be responsible for the payment of the mortgage, taxes and insurance. The cost of all capital improvements shall be borne equally.
7. The husband shall quitclaim his interest in the Pocono Road, Brookfield, Connecticut, property to his wife. She shall be responsible for the payment of the mortgage, taxes and insurance and will hold him harmless.
8. The Brookside condominium in Danbury, Connecticut, shall be placed on the market for sale. Any net proceeds or shortfall shall be equally divided between the parties. CT Page 3803
9. Each of the parties shall maintain medical insurance, as available through their employment, for the benefit of the minor children. All unreimbursed or uninsured medical payments shall be divided equally.
10. All of the furniture in the marital domicile shall be the sole and exclusive property of the wife.
11. The joint bank account shall be divided equally.
12. The husband shall transfer all of his right, title and interest in the 1986 and 1992 Toyota to the wife.
13. The gross balance in the husband's 401K plan shall be divided 33-1/3 percent to the wife and 66-2/3 percent to the husband. This division shall be accomplished by way of a Qualified Domestic Relations Order. In the event the transfer can be accomplished with a rollover to the wife's retirement benefits, it shall be done in that manner provided there are no tax consequences to the husband.
14. The husband shall, within ninety (90) days, pay the arrearage of one thousand five hundred ($1,500) dollars to the wife.
15. The husband shall be solely responsible for the payment of the Energy Research Corporation loan, and the wife shall be responsible for the payment of her Yale University loan.
16. The parties shall each be responsible for the repayment of the rent security account.
17. Each of the parties shall be responsible for his or her own legal fees and costs.
Mihalakos, J.